# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) LINDA G. SCHUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-313-JED-FHM |
| | ) |
| 1) U.S. DEPARTMENT OF ENERGY, | ) |
| Dr. Ernest Moniz in his official capacity as | ) |
| Secretary of Energy; | ) |
| 2) SOUTHWESTERN POWER | ) |
| ADMINISTRATION, an agency of the | ) |
| United States, Scott Carpenter, in his official | ) |
| capacity as Administrator; and | ) |
| 3) ELMER KEITH BLACKSTONE, in his | ) |
| official capacity as Director of Human | ) |
| Resources Management at Southwestern | ) |
| Power Administration, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT THE UNITED STATES OF AMERICA'S
## PARTIAL MOTION TO DISMISS

COMES NOW the United States of America ("Defendant"), on behalf of the federal defendants, by and through Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Cathryn D. McClanahan, Assistant United States Attorney for the Northern District of Oklahoma, and moves the Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of this motion, Defendant states the following:

This motion seeks dismissal of improper federal defendants and one improperly pled claim. In considering the motion, the Court must construe the Complaint (Dkt. 2) in the light most favorable to Plaintiff, assuming all well-pleaded allegations to be true. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). The court may dismiss Plaintiff's Complaint "only if

it concludes that 'the plaintiff can prove no set of facts in support of [her] claim to entitle [her] to relief.'" *Id*. (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**I.      Count Three of Plaintiff's Complaint should be dismissed as federal employees like Plaintiff have no private cause of action based on the FMLA.**

The Family and Medical Leave Act ("FMLA") was enacted in 1993 and addresses workplace periods of leave that may be taken for various health (and family health) reasons. Title 1 (codified at 29 U.S.C. §§ 2601-2619) governs leave under the Act for private employees and some federal employees. It provides for up to 12 weeks per year of unpaid leave for workers, so long as the employer receives adequate notice and medical certification of the need. 29 U.S.C. §§ 2612-13. Title II of the FMLA (codified at 5 U.S.C. § 6381-6387) grants the same Title I rights to qualifying federal civil service employees.

According to Title II, the term "employee" includes those workers who are covered by 5 U.S.C. § 6301(2) and have completed at least 12 months of service. 5 U.S.C. § 6381(1)(A)-(B). In turn, in defining "employee", 5 U.S.C. § 6301(2) refers to 5 U.S.C. § 2105, which defines an "employee" as one appointed to federal service and supervised by another appointed employee. Employees under Title II include those in the federal civil service who have worked at least 12 months in civil service and are not postal employees. *Id*. Plaintiff is a Title II employee.

While there are similarities between the rights granted Title I and Title II employees, there are also important differences. Title I employees may seek monetary damages and equitable relief against employers who may have violated the FMLA (29 U.S.C. § 2617(a)(2)), but there is no analogous right of action provision for Title II employees.

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989). Waivers of sovereign immunity must be unequivocal and are to be strictly construed. *United States v. Nordic*

*Village, Inc.*, 503 U.S. 30, 33-34 (1992). Because the United States has not waived its sovereign immunity to allow for a suit seeking damages or equitable relief for Title II employees, Plaintiff's claim must be dismissed. *See Berry v. Federal Aviation Administration*, No. 05-CV-779, 2006 WL 446080, at * 2 (D. Colo. Feb. 21, 2006) (courts have properly foreclosed Title II federal employees from bringing private suits under the FMLA against the federal government).

**II.   All defendants except for Secretary of Energy, Dr. Ernest Moniz, in his official capacity, should be dismissed.[1]**

Apart from the improperly asserted FMLA claim addressed above, Plaintiff explicitly brings claims pursuant to only Title VII and the Age Discrimination in Employment Act (ADEA) and retaliation in relation to these claims.[2] Dkt. 2 at 12, 14. The only proper defendant in a federal employment discrimination claim under Title VII is the head of the agency or department in which the plaintiff is employed. 42 U.S.C. § 2000e-16(c); *Wilder v. Marsh*, No. 90-2272, 1991 WL 145349, at *2 (10th Cir. Aug. 1, 1991) (citing *Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987)). Similarly, the only proper defendant under the ADEA is the head of the agency or department in which the plaintiff is employed. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Misner v. Potter*, No. 07-CV-330, 2008 WL 410128, at *3 (D. Utah Feb. 12, 2008); *McCoin v. Secretary of Veterans Affair*s, No. 96-4104, 1996 WL 772602, at *1 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43 (10th Cir. 1997).

---

[1] The Caption of Plaintiff's Complaint (Dkt. 2) shows three numbered defendants but appears to include multiple defendants under numbers one and two. Whether or not Plaintiff intended to sue the United States Department of Energy, Dr. Ernest Moniz, Southwestern Power Administration, Scott Carpenter, and Elmer Keith Blackstone as separate federal defendants or not, the only proper federal defendant in this matter is Secretary of Energy Moniz.

[2] Plaintiff also attempts to bring a retaliation claim under the FMLA (Dkt. 2 at 17), which is improper. *Souers v. Geren*, No. CV 108-157, 2010 WL 1169730, at *7 (S.D.Ga. Mar. 23, 2010) ("Based on the lack of an express grant of a private cause of action for Title II employees, the Eleventh Circuit has held that Title II federal employees may not bring private suits for retaliation based on the FMLA.")

Respectfully submitted,

UNITED STATES OF AMERICA

DANNY C. WILLIAMS, SR.
United States Attorney

s/Cathryn D. McClanahan
CATHRYN D. McCLANAHAN, OBA No. 14853
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2700
cathy.mcclanahan@usdoj.gov

Of Counsel:
Kathy L. Black, Attorney
Southwestern Power Administration
One West Third Street
Tulsa, Oklahoma 74103
T: 918-595-6605
kathy.black@swpa.gov

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 9, 2016, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Andrea Treiber Cutter
acutter@cutterlawfirm.com
*Counsel for Plaintiff*

               s/Chris Watson
               Chris Watson
               Paralegal Specialist