# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA G. SCHUMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-313-JED-FHM |
| ) | |
| RICK PERRY, in his capacity as the ) | |
| United States Secretary of Energy,[1] et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**I.  Background**

As alleged in the Complaint, plaintiff is a 63-year-old female, and she was a federal employee.  She asserts claims of age discrimination (29 U.S.C. §§ 621 et seq.), gender discrimination (42 U.S.C. §§ 2000e et seq.), violation of the Family Medical Leave Act (FMLA) (5 U.S.C. §§ 6381 et seq.), and retaliation in violation of 42 U.S.C. § 2000e-3(a), 29 U.S.C. § 623(d), and 5 U.S.C. § 6385.

Plaintiff began working in the Human Resources Department for the Western Area Power Administration in February of 2007.  She transferred to the Southwestern Power Administration (SWPA) in September 2008.  SWPA is a federal agency of the United States within the Department of Energy.  Defendant Keith Blackstone became the Director of Human Resources, and plaintiff's supervisor, at SWPA in November 2013.  Plaintiff alleges that, once Blackstone became her supervisor, she was subjected to discriminatory treatment, based on her age and gender.  She

---

[1]  Rick Perry is now the United States Secretary of Energy.  Pursuant to Fed. R. Civ. P. 25(d), the Court Clerk is directed to substitute Rick Perry as the defendant in this matter in place of former Secretary of Energy Ernest Moniz.

further alleges that Blackstone interfered with her FMLA leave and that he retaliated against her for engaging in protected activity. As a result, plaintiff was allegedly forced into early retirement. Plaintiff alleges that her position is now held by a younger and less qualified male employee.

The United States of America seeks dismissal of plaintiff's FMLA claims and dismissal of all defendants except the Secretary of Energy. (Doc. 9).

## II. Discussion

### A. Plaintiff's FMLA Claims

The FMLA permits employees to take leave from their jobs for various health and family-related reasons. The FMLA was enacted under two titles. Title I is codified at 29 U.S.C. §§ 2601–2916, while Title II is found at 5 U.S.C. §§ 6381–6387. Title I governs leave for private employees and federal employees not covered by Title II. Title II defines "employee" as "any individual who (A) is an 'employee' as defined by section 6301(2) . . . and (B) has completed at least 12 months of service as an employee." 5 U.S.C. § 6381(1)(A). Section 6301(2) refers to 5 U.S.C. § 2105's definition of "employee." That statute generally defines an "employee" to include most civil service employees who perform a federal function and are supervised by another appointed employee. It is undisputed in this case that plaintiff was a Title II employee. The allegations of her Complaint establish that fact. For example, plaintiff cites the Title II FLMA provisions, 5 U.S.C. §§ 6381 et seq., as the bases for her FMLA interference and retaliation claims. (*See* Complaint, Doc. 2 at ¶¶ 7, 8, and Count III at 16).

While Title I and Title II employees are afforded equivalent rights to family and medical leave, only Title I authorizes a private right of action. Title II does not. Title I provides that employers who violate § 2615 will "be liable to any eligible employee" for damages and equitable relief, and provides employees a private right of action. 29 U.S.C. § 2617(a). Title II of the FMLA

does not have an analogous provision providing a Title II employee a private right of action. For this reason, the Third, Fourth, Ninth, and Eleventh Circuits have determined that the United States has not waived sovereign immunity for FMLA claims by Title II employees, such that FMLA claims by Title II employees are barred. *See, e.g., Mann v. Haigh,* 120 F.3d 34, 37 (4th Cir. 1997); *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999); *Burg v. United States Dep't of Health and Human Servs.*, 387 F. App'x 237 (3d Cir. 2010) (unpublished); *Cavicchi v. Secretary of the Treasury*, No. 01-3406-CV-JEM, 2004 WL 4917357, *6 (11th Cir. 2004) (unpublished). While it does not appear that the Tenth Circuit has addressed the issue, district courts within this Circuit have determined that Title II employees may not maintain private actions for alleged violations of the FMLA. *See Sanders v. Shinseki*, No. 11-4179-JTM, 2012 WL 5985469, *4-5 (D. Kan. Nov. 29, 2012) (unpublished); *Mattson v. Chertoff*, No. 07-CV-2432-PAB-BNB, 2009 WL 564289, *1, 4-6 (D. Colo. Mar. 5, 2009) (unpublished); *Berry v. Federal Aviation Administration*, No. 05-CV-779-WYD-CBS, 2006 WL 446080, *2-3 (D. Colo. Feb. 21, 2006) (unpublished).

Based upon the statutory language of Title II and the foregoing authorities, the Court concludes that Title II of the FMLA does not create an express or implied right of action permitting Title II employees to sue under the FMLA. Accordingly, plaintiff's FMLA interference claim (Count III) is dismissed with prejudice. In addition, the portion of Count IV which alleges a retaliation claim under the FMLA must be dismissed, as it is also premised upon Title II. (*See* Complaint, Doc. 2 at 17, citing 5 U.S.C. § 6385). As Title II employees have no private right of action under the FMLA, they may not maintain FMLA retaliation claims. *See Cavicchi*, 2004 WL 4917357, at *6 (affirming summary judgment on FMLA retaliation claim that was purportedly premised upon 5 U.S.C. § 6385).

### B. Dismissal of Certain Defendants

Citing 42 U.S.C. § 2000e-16(c), the United States argues that the Secretary of Energy is the only properly named defendant in this action. The Court agrees. The applicable statute provides that a federal employee alleging discrimination may file a civil action, in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). The only proper defendant in such a suit is the head of the relevant federal agency or department which employed the plaintiff. *See Owens v. United States*, 822 F.2d 408, 410 (3rd Cir. 1987); *Wilder v. Marsh*, No. 90-2272, 1991 WL 145349, at *2 (10th Cir. Aug. 1, 1991) ("The only proper defendant in such an action is the head of the agency or department in which the plaintiff is employed."). The Secretary of Energy is the only proper defendant, and the other defendants will be dismissed.

### III. Conclusion

For the foregoing reasons, the United States of America's Partial Motion to Dismiss (Doc. 9) is **granted**. The plaintiff's FMLA claims (Count III and the part of Count IV that asserts an FMLA retaliation claim) are dismissed with prejudice. In addition, the only proper defendant in this action is the United States Secretary of Energy, Rick Perry. All other defendants are hereby dismissed from this action.

SO ORDERED this 10th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE